NO. 07-09-00359-CR, 07-09-00360-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 12, 2010

BARRY JACK HAWKINS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,560-C, 49,561-C; HONORABLE ANA ESTEVEZ, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK , JJ.

**MEMORANDUM OPINION**

Appellant, Barry Jack Hawkins, was convicted of a violation of section 550.021 of the Texas Transportation Code,[1] accident involving injury or death (Appellate Cause No. 07-09-0360-CR), and at the same time was convicted of a violation of Texas Penal Code section 37.09(d)(1),[2] tampering with physical evidence (Appellate Cause No. 07-09-0359-CR). Appellant entered a plea of guilty to both offenses. In No. 07-09-0359-CR, punishment was assessed at confinement in the Institutional Division of the Texas

---

[1] See TEX. TRANSP. CODE ANN. § 550.021 (Vernon Supp. 2009).

[2] See TEX. PENAL CODE ANN. § 37.09(d)(1) (Vernon Supp. 2009).

Department of Criminal Justice (ID-TDCJ) for a period of five years. The sentence of confinement was suspended, and appellant was placed on community supervision for 10 years. In No. 07-09-0360-CR, appellant was sentenced to 10 years confinement in the ID-TDCJ. The sentence of confinement was suspended, and appellant was placed on community supervision for ten years. Subsequently, the State filed a motion to revoke each of the community supervisions, and appellant entered a plea of true to the allegations contained in the motion to revoke community supervision. After hearing punishment evidence, the trial court assessed appellant's punishment at five years confinement in ID-TDCJ with a fine assessed of $3,000 in No. 07-09-0359-CR and 10 years confinement in the ID-TDCJ in No. 07-09-0360-CR. The sentences are to run concurrently. Appellant appeals the judgment of the trial court.

Appellant's attorney has filed an <u>Anders</u> brief and a motion to withdraw. <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of her motion to withdraw, counsel certifies that she has diligently reviewed the record, and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. <u>Id</u>. at 744-45. In compliance with <u>High v. State</u>, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that she has provided appellant a copy of the <u>Anders</u> brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. <u>Stafford v. State</u>, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The Court has also advised appellant of his right to file a *pro se* response. Appellant has not filed a response.

By her <u>Anders</u> brief, counsel raised a ground that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed this ground and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); <u>Bledsoe v. State</u>, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.[3]

Mackey K. Hancock
Justice

Do not publish.

---

[3] Counsel shall, within five days after this opinion is handed down, send her client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. <u>See</u> TEX. R. APP. P. 48.4.